UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISON

-------------------------------------------------------------------X
JOSEPH DACAR, individually and
on behalf of all other persons similarly situated,

        Plaintiffs,                                 **NATIONWIDE COLLECTIVE ACTION COMPLAINT AND**

        -against-                            **JURY DEMAND**

SAYBOLT LP, A Foreign Limited Partnership,
CORE LABORATORIES LP, A Foreign Limited
Partnership, and CORE LABORATORIES, INC.,
A Foreign Corporation,

        Defendants.
-------------------------------------------------------------------X

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself and other similarly situated current and former employees of the Defendants and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are entitled to: (i) unpaid wages from Defendants for overtime work performed for which they did not receive proper overtime premium pay, as required by law, (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq*; and (iii) declaratory relief pursuant to 28 U.S.C. §2201.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C § 216(b).

3. Venue is proper in this district pursuant to 28 U.S.C. §1391.

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5. Plaintiff, JOSEPH DACAR was, at all relevant times, an adult individual, residing in New Hanover County, North Carolina.

6. Upon information and belief, Defendants SAYBOLT LP, CORE LABORATORIES LP and CORE LABORATORIES, INC. are Delaware corporations, with a principal place of business in Wilmington, North Carolina.

## COLLECTIVE ACTION ALLEGATIONS

7. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all Oil, Gas and Chemical Inspectors ("OGC Inspectors") who are or were formerly employed by Defendants in the United States at any time since January 5, 2007, to the entry of judgment in this case (the "Collective Action Period"), who received inadequate overtime compensation at rates less than one and one-half times their regular pay rate for all hours worked in excess of forty per workweek (the "Collective Actions Members"), as a result of Defendants' illegal "Chinese Overtime."

8. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number is presently within the sole control of the Defendants, upon information and belief, there are approximately 1,000 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

9. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

10. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will not difficulty in the management of this action as a collective action.

11. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. whether the Defendants employed the Collective Action Members within the meaning of the FLSA;

    b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and Collective Action Members;

    c. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. §516.4;

    d.  whether Defendants failed to pay the Collective Action Members appropriate overtime compensation for hours worked in excess of forty hours per workweek, due to its flawed policy of paying "Chinese Overtime" in violation of the FLSA and the regulations promulgated thereunder;

    e.  whether Defendants' violations of the FLSA are willful as that term used within the context of the FLSA;

    f.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

    g.  whether Defendants should be enjoining from such violations of the FLSA in the future; and

    h.  whether Plaintiff and Collective Action Members are entitled to declaratory relief.

12.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF FACTS

13.    At all relevant times, Defendants provided, among other things, laboratory testing, laboratory outsourcing, cargo inspection, and certification services for clients on a global basis.

14.    Starting in or about 1992, and continuing until April 2007, Plaintiff was employed as a non-exempt Oil, Gas and Chemical Inspector ("OGC Inspector") by the Defendants.

15. In this capacity, Plaintiff was employed at Defendants' Wilmington, North Carolina facility, and he performed significant work in North Carolina for Defendants.

16. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of the Defendants.

17. The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent discretion or judgment.

18. Plaintiff often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff overtime compensation of one and one-half times his regular hourly rate, in violation of the FLSA.

19. Plaintiff was employed by the Defendants from in or about 1992 until April 2007. Throughout that time and, upon information and belief, both before that time (throughout the Class Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in OGC Inspector positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent discretion and judgment. Such similarly situated OGC Inspectors do no have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

20. Such individuals have worked in excess of 40 hours a week, yet the Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA. As stated, the exact

number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

21.     Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF: <br> FAIR LABOR STANDARDS ACT

22.     Plaintiff, on behalf of himself and all Collective Action Members, realleges and incorporates by reference paragraphs 1 through 21 as if they were set forth herein.

23.     At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C §§ 206(a) and 207(a).

24.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

25.     Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

26.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto as **EXHIBIT A** and incorporated by reference.

27.     At all relevant times, the Defendants had a nationwide and company-wide policy and practice of refusing to pay proper overtime compensation to their employees for their hours worked in excess of forty hours per week.

28. As a result of the Defendants' willful failure to compensate their employees, including Plaintiff and the Collective Action members, for overtime at a rate of at least one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§201 *et seq.,* including 29 U.S.C. §§207(a)(1) and 215(a). *See Adeva v. Intertek USA, Inc.*, 2:09-cv-01096-SRC-MAS (D.N.J. January 12, 2010)(finding the pay policy at issue to be violative of the FLSA); *see also Ayers v. SGS Control Services, Inc.*, 2007 WL 646326 (S.D.N.Y. 2007)(same).

29. As a result of the Defendants' failure to record, report, credit and/or compensate their employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

30. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C § 255(a).

31. Due to the Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, is entitled to recover from the Defendants, their unpaid wages, overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid wages and overtime compensation due under the FLSA;

e. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

g. An award of prejudgment and post judgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i. Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:  January 25, 2010

/s/ANDREW FRISCH
Andrew Frisch, Esq.[*]
Counsel for Plaintiff
MORGAN & MORGAN, P.A.
6824 Griffin Road
Davie, FL 33314
AFrisch@forthepeople.com
Tel: 954-318-0268
FL Bar No.: 027777

/s/ C. ADAM HELMER
C. Adam Helmer
Attorney for Plaintiff
Riddle & Brantley
2300 N. Herritage Street, Suite A
Kinston, NC 28501
Phone: 252-522-1500
Facsimile: 252-522-0556
cah@justicecounts.com
North Carolina Bar No.: 27248
Local Rule 83.1 Counsel

---

[*] Attached as **EXHIBIT B** is a Notice of Appearance on behalf of Andrew Frisch, Esq., as out-of-state counsel for Plaintiff. Mr. Frisch has obtained access to the Eastern District of North Carolina's CM/ECF system. The CM/ECF information is as follows: Login: afris0001