IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO.: 7:10-CV-12-F

| | |
|---|---|
| JOSEPH DACAR, individually and on behalf of all other persons similarly situated, ) ) ) Plaintiff, ) ) v. ) ) SAYBOLT LP, A Foreign Limited Partnership, ) CORE LABORATORIES LP, A Foreign ) Limited Partnership, and CORE ) LABORATORIES, INC., A Foreign Corporation, ) ) Defendants. ) _____ ) | **MEMORANDUM & RECOMMENDATION** |

This cause comes before the Court upon the following motions filed by Plaintiff:

1) Motion to Strike Defendants' Affirmative Defenses to Plaintiff's Complaint ("Motion to Strike")(DE-25); and

2) Motion for Certification of Collective Action (DE-28).

Defendants have responded to both of these motions (DE's 32 & 43). Accordingly, the motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.3, this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation (DE-51). For the following reasons, it is HEREBY RECOMMENDED that Plaintiff's: 1) Motion to Strike (DE-25) be GRANTED IN PART AND DENIED IN PART; and 2) Motion for Certification of Collective Action (DE-28) be GRANTED

**I. BACKGROUND**

Plaintiff brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Specifically, Plaintiff contends that Defendants failed to properly pay him for overtime. Defendants filed their Answer and Affirmative Defenses on April 1, 2010 (DE-23).

## II.   ANALYSIS

## A.   MOTION TO STRIKE

Plaintiff seeks to have several of Defendants' affirmative defenses stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  Rule 12(f) states, in pertinent part:  ". . .[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act . . .on its own; or . . .on motion made by a party" F.R.Civ.P. 12(f).  The granting of such relief, however, has been long-considered to be "a drastic remedy which is disfavored by the courts and infrequently granted." Palmer v. Oakland Farms, Inc., 2010 WL 2605179, * 1 (W.D.W.Va. June 24, 2010).  Specifically, Rule 12(f) motions "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic" Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001)(internal quotations omitted). Traditionally, the standard by which courts judge Rule 12(f) motions imposes a sizable burden on the movant, and even when technically appropriate and well-founded, such motions are often denied in absence of demonstrated prejudice to the moving party.  Palmer, 2010 WL 2605179, * 1(internal citations omitted).  *See also*, First Financial Sav. Bank v. Am. Bankers Ins. Co., 783 F.Supp. 963, 966 (E.D.N.C., 1991).  Likewise, in reviewing motions to strike defenses, federal courts have traditionally viewed the pleading under attack in a light most favorable to the pleader and have stricken the defense only when it has no possible relation to the controversy.  Palmer, 2010 WL 2605179, * 2 (internal citations omitted).  Moreover, whenever granted, the defendant should generally be given leave to amend. *Id.*  *See also*, 5C Wright & Miller § 1381 (3rd ed.2004).

As an initial matter, several of Plaintiff's requests to strike are unopposed. Specifically, Defendants do not oppose Plaintiff's request to strike Defendants' Thirty-Seventh, Thirty-Eighth, and Fortieth Affirmative Defenses. Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion to strike be GRANTED with regard to these defenses and that Defendants' Thirty-Seventh, Thirty-Eighth, and Fortieth Affirmative Defenses be STRICKEN. Plaintiff's remaining requests to strike shall now be addressed in turn.

**1. DEFENDANTS' FORTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff requests that Defendants' Forty-Eighth Affirmative Defense be stricken. Defendants' Forty-Eighth defense states: "Plaintiff and putative class members' alleged claims for damages are barred, in whole or in part, by the doctrine of accord and satisfaction, to the extent any such individual received premium, overtime, penalty, or proper pay for the hours worked" (DE-23, pg. 8). However, Plaintiff asserts that "it is well settled law that an employee's rights under the FLSA are not subject to the defense of accord and satisfaction . . ."(DE-25, pg. 7-8). In response, Defendants contend that "to the extent Plaintiff and other potential plaintiffs have received premium pay, overtime and/or proper pay for hours that he or she worked, recompense has occurred for the services rendered, and all pay that was due (and earned) has been appropriately granted, accorded and satisfied" (DE-32, pg. 2).

In essence, Defendants' Forty-Eighth Affirmative Defense argues that no party should recover if they received the "proper pay [pursuant to the FLSA] for the hours [they] worked." Defendants argue that this defense is supported by the doctrine of accord and satisfaction. "Accord and satisfaction is a method of discharging a contract or cause of action, whereby the parties agree to give and accept something in settlement of the claim or demand of the one against

3

the other, and perform such agreement, the 'accord' being the agreement, and the 'satisfaction' its execution or performance."  Guinness PLC v. Ward, 955 F.2d 875, 888 (4th Cir. 1992)(internal quotation omitted).  Generally, the defense implies that "the parties entered into an agreement under the terms of which the dispute is compromised by the payment by one party of a sum in excess of that which he admits he owes and the receipt by the other party of a sum less in amount than he claims is due him, all for the purpose of settling a dispute"  Parker v. Prudential Ins. Co. of America, 900 F.2d 772, 776 (4th Cir. 1990)(internal citation omitted).  Therefore, Defendants' assertion that Plaintiff's damages should be offset by any amount that has already been "properly paid" does not precisely fit within the parameters of an accord and satisfaction defense.  Moreover, Plaintiff correctly asserts that "under the FLSA . . .there is a judicial prohibition against the unsupervised waiver or settlement of claims"  Taylor v. Progress Energy, Inc., 493 F.3d 454, 460 (4th Cir. 2007)(internal citation omitted).  The Forty-Eighth Affirmative Defense contains no allegation that any agreement which would allegedly give rise to the accord and satisfaction of these claims was properly supervised.  Finally, if the defense is simply taken at face value—that Plaintiff is not entitled to damages if he was "properly paid"—it is redundant.  For these reasons, it is HEREBY RECOMMENDED that Plaintiff's motion to strike be GRANTED with regard to this defense and that Defendants' Forty-Eight Affirmative Defense be STRICKEN.

**2.   DEFENDANTS' FIFTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff requests that Defendants' Fifty-First Affirmative Defense be stricken.  Defendants' Fifty-First defense states:  "Any damages or losses alleged by Plaintiff and putative class members are subject to credit or set-off for any additional compensation paid" (DE-23, pg. 8).  Specifically, Plaintiff argues that "Defendants fail to identify any specific facts supporting an

affirmative defense of set-off, and therefore fail to give Plaintiff fair notice of the grounds on which it rests . . .[t]herefore, as a matter of law Defendants' Fifty-First Affirmative Defense should be struck . . ."(DE-25, pg. 9).   By contrast, Defendants assert that:

> any damages or losses alleged by Plaintiff and other potential plaintiffs may be subject to a credit or set-off for any additional compensation that may have otherwise been paid to them. That way, any alleged losses or damages to Plaintiff and other potential plaintiffs will serve only to make them whole as intended by the Fair Labor Standards Act ("FLSA").
> (DE-32, pg. 2).

Viewed in the light most favorable to the Defendants, this defense is not insufficient, redundant, immaterial, impertinent, or scandalous.  Therefore,  it is HEREBY RECOMMENDED that Plaintiff's motion to strike be DENIED with regard to Defendants' Fifty-First Affirmative Defense.

### 3.   DEFENDANTS' CLAIMS FOR ATTORNEY'S FEES

Finally, Plaintiff requests that Defendants' request for attorney's fees be stricken. Specifically, in the concluding paragraph of their Answer Defendants state:

> WHEREFORE Defendants respectfully pray that Plaintiff's Complaint be dismissed with prejudice; for judgment in their favor; for costs incurred and expended, including reasonable attorney's fees; and for any other relief, in law or equity, that the Court deems proper.
> (DE-23, pg. 9).

Plaintiff argues that "a prevailing defendant [in a FLSA action] is not entitled to attorney's fees unless the litigation was in bad faith" (DE-25, pg. 10).   *See also*, Sinclair v. Mobile 360, Inc., 2009 WL 322866 (W.D.N.C. February 10, 2009)("While the FLSA provides fees for prevailing plaintiffs, there is no provision for prevailing defendants . . . and such absence from the statutory scheme speaks volumes as to the intent of Congress inasmuch as it has made provision in other statutory schemes for the fees of prevailing defendants . . .").   Indeed, Defendants concede that

5

attorney's fees are "uncommon" and generally only awarded "when there is a strong showing that the plaintiff has acted in bad faith, vexatiously, wantonly or for oppressive reasons" (DE-32, pg. 3). Moreover, Defendants also acknowledge that "Plaintiff herein has not acted in such a manner in this action thus far" (DE-32, pg. 3). In this posture, the undersigned finds Defendants' request for attorney's fees to be unsupported in fact and premature. *See generally*, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570(2007)(facts alleged must "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."). Therefore, it is HEREBY RECOMMENDED that Plaintiff's motion to strike be GRANTED with regard to Defendants' request for attorney's fees. However, this recommendation would not preclude the future filing by Defendants of a motion pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, if appropriate.

**B. MOTION FOR CERTIFICATION OF COLLECTIVE ACTION**

Plaintiff also seeks the conditional certification of a collective action pursuant to 29 U.S.C. § 216(b). Title 29 U.S.C. § 216(b) states:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by

> the defendant, and costs of the action. The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under section 217 of this title in which (1) restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation, as the case may be, owing to such employee under section 206 or section 207 of this title by an employer liable therefor under the provisions of this subsection or (2) legal or equitable relief is sought as a result of alleged violations of section 215(a)(3) of this title.

29 U.S.C. § 216(b)

Certification of a representative action is a two-step process. Jimenez-Orozco v. Baker Roofing Co, 2007 2007 WL 4568972, * 6 (E.D.N.C. December 21, 2007).  At the notice stage, early in a case, the court conditionally certifies the class based on the limited record before it and approves notice to putative class members of their right to opt in. *Id.* The final determination on certification is made later, typically after discovery, when the court has available to it substantially more information. *Id.*   The standard used for the conditional certification during the notice stage is lenient.  Clark v. Wells Fargo Financial, Inc., 2008 WL 4787444, * 4 (M.D.N.C., October 30, 2008).  Generally, conditional certification requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." Arevalo, et al. v. D.J.'s Underground, Inc., et al., 2010 WL 2639888, *2   (D.Md. June 29, 2010).

Here, Plaintiff has made a sufficient showing that the others who are potential class members are "similarly situated".  Specifically, Plaintiff contends that he is a former Oil & Petrochemical Division Inspector who was not paid time and one-half overtime wages for each hour he worked over 40 during a workweek while employed with Defendants (DE-29, pg. 4). Furthermore, Plaintiff argues that other inspectors in this division were routinely treated in a similar manner (DE-29, pg. 4-6).  In short, Plaintiff asserts that "the representative class consists

of all . . . Inspectors . . . who were paid . . . 'half-time' overtime rather than the time and a half premium required for all overtime hours worked . . ." (DE-29, pg. 6).  Finally, Plaintiff has attached the affidavits of several persons who would constitute this class (DE's 29-1, 29-2, 29-3, 29-4).

Defendants argues that the motion for conditional certification should be denied. However, Defendants' objections would be more appropriately lodged during the final determination on class certification or in separate dispositive motions.  At this stage of the proceedings, using the lenient step-one standard, Defendants' arguments are insufficient.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for conditional certification of   collective action (DE-28) be GRANTED.

## CONCLUSION

For the foregoing reasons, it is HEREBY RECOMMENDED that Plaintiff's:   1)   Motion to Strike (DE-25) be GRANTED IN PART AND DENIED IN PART; and 2) Motion for Certification of Collective Action (DE-28) be GRANTED in accordance with the preceding analysis.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on July 13, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE