UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYLE DEROCHE and FELTON RAVIA, individually and for others similarly situated, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIV. A. NO. 4:11-CV-00433 |
| SAYBOLT LP, | § § § | |
| *Defendant*. | § | |

**DEFENDANT SAYBOLT LP'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR RECONSIDERATION**

Defendant Saybolt LP files this Response in Opposition to Plaintiffs' Motion for Reconsideration ("Plaintiffs' Motion"), and in support, states the following:

### SUMMARY OF ARGUMENT

Saybolt maintains that equitable tolling is not appropriate under these facts for the reasons previously stated in Saybolt's Response in Opposition to Plaintiffs' Motion to Equitably Toll the Statute of Limitations and Incorporated Memorandum of Law ("Opposition to Equitable Tolling"). Plaintiffs have not satisfied *their burden* of demonstrating diligence, and Plaintiffs' proffered reason—judicial delay—does not constitute the "rare and exceptional circumstances" that the Fifth Circuit requires for equitable tolling. Because Plaintiffs have not met their burden to show diligence, and the facts of this case do not present rare and exceptional circumstances, Saybolt respectfully urges the Court to deny Plaintiffs' Motion.

Alternatively, if the Court continues to apply equitable tolling, the Court should preserve the current date of March 16, 2011. The Court properly rejected Plaintiffs' proffered date of April 29, 2010 because the certification issue had not been fully briefed at that time.

338787 v2

**RELEVANT BACKGROUND**

1. On May 2, 2011, Plaintiffs sought to equitably toll the FLSA's statute of limitations for future opt-in plaintiffs as of April 29, 2010—the date Plaintiffs first filed their Motion for Conditional Certification. Plaintiffs claimed they were entitled to equitable tolling because of perceived judicial delay. *See* Docket Entry No. 129 at 4. According to Plaintiffs, equitable tolling was appropriate because the Court did not rule quickly enough on the class certification issue and Saybolt contributed to the ostensible delay by filing a motion to transfer venue (which Judge Fox granted), raising "merits-based arguments" (which this Court found meritorious), and objecting to one of Plaintiffs' discovery requests (which was substantially justified as numerous courts have held). *See id.* at ¶¶ 8-9 & 9; Docket Entry No. 132 at 5-8.

2. Saybolt opposed Plaintiffs' request for equitable tolling because Plaintiffs' proffered reason—judicial delay—does not constitute "rare and exceptional circumstances" as required by the Fifth Circuit for equitable tolling. *See* Docket Entry No. 132 at 3-4. Moreover, Plaintiffs failed to satisfy their burden to establish that potential opt-in plaintiffs have diligently pursued their rights. *Id.* at 4-5. Alternatively, Saybolt argued that equitable tolling should begin no earlier than March 16, 2011—the date the class certification issue became ripe for decision.

3. On June 2, 2011, the Court held a conference in Chambers. As the transcript of the conference reveals, the Court observed that Judge Fox determined transfer of the action to Houston was appropriate. *See* Transcript at 4:18-19, attached as Exhibit A to Docket Entry No. 154. The Court also observed that Saybolt properly challenged the adequacy of Joseph Dacar, the first class representative.[1] *Id.* at 4:19-21. The Court then entered an order tolling the statute of limitations for future opt-in plaintiffs as of March 16, 2011. *See* Docket Entry No. 135.

---

[1] As detailed in Saybolt's Opposition to Equitable Tolling, Dacar was not similarly situated to the class he attempted to represent for several reasons; namely, that his own claim was barred by the FLSA's two-year statute of limitations. *See* Docket Entry No. 132 at 6.

4.     On June 20, 2011, Plaintiffs filed their Motion for Reconsideration of the Court's June 2, 2011 order ("Order"). In it, Plaintiffs argue that "each basis offered by the Court, as the reasoning in support of its Order was an incorrect statement of the law and/or facts of the case." *See* Docket Entry No. 154 at 2.

## ARGUMENT & AUTHORITIES

Saybolt hereby incorporates in its entirety its Opposition to Equitable Tolling. *See* Docket Entry No. 132.

### I. PLAINTIFFS MISCHARACTERIZE THE COURT'S OBSERVATIONS

Plaintiffs' Motion for Reconsideration focuses entirely on the fact that the Court correctly recognized at the June 2, 2011 hearing that Saybolt should not be penalized for the alleged "judicial delay" associated with a ruling on Plaintiffs' Motion for Conditional Certification. Although Plaintiffs take issue with the Court's observations (that Judge Fox determined transfer of the action to Houston was appropriate and that Saybolt properly challenged the adequacy of the first class representative) and contend they are not relevant to the Court's equitable tolling inquiry, Plaintiffs are responsible for putting these very facts at issue. Indeed, Plaintiffs argued in their Motion to Equitably Toll the Statute of Limitations that Saybolt created unnecessary judicial delay by making "merits-based arguments" in opposition to conditional certification and seeking a transfer of venue on grounds of convenience. *See* Docket Entry No. 129 at ¶¶ 8-9 & 9. Because of Plaintiffs' accusations that Saybolt inappropriately delayed this litigation, Saybolt was required to refute Plaintiffs' allegations in several pages of its Opposition to Equitable Tolling. *See* Docket Entry No. 132 at 5-8. Consequently, the Court simply observed at the June 2 conference that, contrary to Plaintiffs' assertions, Saybolt should not be penalized for protecting its interests and asserting a legitimate defense. *See id.* at 8.

## II. PLAINTIFFS HAVE NOT MET THEIR BURDEN

Although the Court did not specifically state on the record during the June 2 conference whether it found that Plaintiffs' Motion to Equitably Toll the Statute of Limitations presented the "rare and exceptional circumstances" necessary for equitable tolling and whether Plaintiffs met their burden to show diligence, the Court entered an order tolling the statute of limitations for future opt-in plaintiffs as of March 16, 2011. Saybolt respectfully re-urges that equitable tolling is not appropriate in this case for two reasons, which are set out below but in greater detail in Saybolt's Opposition to Equitable Tolling. *See* Docket Entry No. 132.

First, Plaintiffs' reason for tolling does not constitute the "rare and exceptional circumstances" that the Fifth Circuit requires for equitable tolling. *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). In fact, judicial delay is a circumstance that is entirely common, if not inherent, to the courts and the adversarial nature of litigation. Courts within the Southern District of Texas have previously examined whether judicial delay is a valid basis for equitable tolling in FLSA cases and concluded that it is not. *See* Docket Entry No. 132 at 3-4 (citing S.D. Tex. cases). Similarly, courts outside this judicial district have also recognized that judicial delay is not a valid ground for equitable tolling in FLSA cases. *See, e.g.*, *Hintergerger v. Catholic Health Sys.*, 2009 WL 3464134, at *15 (W.D.N.Y. Oct. 21, 2009) ("[T]he time for consideration of the conditional certification and related motions . . . does not constitute an extraordinary circumstance for tolling purposes. Equitable tolling is 'a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.'").

Additionally, Plaintiffs failed to carry *their burden* of demonstrating diligence.[2]

---

[2] Plaintiffs state in their Motion for Reconsideration that "Defendant failed to proffer any evidence that Plaintiffs were anything but diligent in pursuing their instant claims and seeking conditional

4

*See* Docket Entry No. 132 at 4-5. Plaintiffs' arguments for equitable tolling were (and still are) premised on the flawed assumption that potential plaintiffs are unaware of their right to overtime pay for hours worked in excess of 40 per week unless they receive Court-authorized notice of this lawsuit. Contrary to Plaintiffs' assertions, pursuit of this right is not dependent on the commencement or certification of a collective action. Indeed, at the time Saybolt filed its Opposition, more than 46 inspectors had already learned of this litigation from other sources and filed Consents to Join, demonstrating that reasonably prudent potential plaintiffs knew about their legal rights in the absence of court-authorized notice.

Moreover, aside from conclusory assertions that the potential opt-in plaintiffs are prejudiced by the delays, Plaintiffs offered no proof—and, to this day, still have not offered any proof—that reasonably prudent potential plaintiffs would have timely opted-in had the motion to certify been resolved sooner. *See, e.g.*, *Powers v. Centennial Commc'ns Corp.*, 2010 U.S. Dist. LEXIS 18397, at *9 (N.D. Ind. Feb. 26, 2010) ("Notably, [the named plaintiff] fails to point to any potential opt-in plaintiffs who would have timely opted-in had the Court resolved the motion to certify sooner."); *Hintergerger*, 2009 WL 3464134, at *15 n.22 (explaining that plaintiffs' conclusory assertions that defendants' employees did not know about their legal rights in the absence of court-authorized notice was "not sufficient to meet the movant's burden of showing circumstances warranting tolling").

Because Plaintiffs have not met their burden to show diligence, and the facts of this case do not present rare and exceptional circumstances, Saybolt respectfully urges the Court to reconsider its decision to apply equitable tolling and enter an order denying Plaintiffs' request

---

certification." Docket Entry No. 154 at 6. To be clear, the burden to establish diligence belongs solely to Plaintiffs. *See Teemac*, 298 F.3d at 457; *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992). This Court should not allow Plaintiffs to improperly shift their burden to Saybolt.

5

for equitable tolling. Otherwise, Saybolt urges the Court to deny Plaintiffs' Motion.

### III. ALTERNATIVELY, TOLLING SHOULD BEGIN AS OF MARCH 16, 2011

Although equitable tolling is not appropriate in this case, the Court properly rejected Plaintiffs' proffered date of April 29, 2010 because the conditional certification issue had not been fully briefed at that time. The parties did not complete briefing on the conditional certification issue before this Court until March 16, 2011, the date that Plaintiffs filed their Reply to Saybolt's Supplemental Response and Memorandum in Opposition to Plaintiffs' First Amended Complaint and Motion for Certification of Collective Action. *See* Docket Entry No. 121. It was only on this date that the certification issue was truly ripe for decision. Thus, if the Court continues to apply equitable tolling, the Court should preserve the current date of March 16, 2011.

### CONCLUSION

For all these reasons, Saybolt respectfully urges the Court to revisit its decision to apply equitable tolling and enter an order denying Plaintiffs' request for equitable tolling. Alternatively, Saybolt asks the Court to deny Plaintiffs' Motion for Reconsideration and preserve the current day of March 16, 2011.

    Respectfully submitted,

    By:   /s/ *Ethel J. Johnson*

ETHEL J. JOHNSON, *Attorney-In-Charge*
State Bar No. 10714050
S.D. Tex. No. 14155
E-mail:  ejjohnson@shb.com
SHOOK, HARDY & BACON L.L.P.
JPMorgan Chase Tower
600 Travis, Suite 1600
Houston, TX  77002-2992
Telephone:  713.227.8008
Facsimile:  713.227.9508

*Attorneys for Defendant Saybolt LP*

**OF COUNSEL:**
ELIZABETH L. BOLT
State Bar No. 24059470
S.D. Tex. No. 1034909
E-mail:  ebolt@shb.com
SHOOK, HARDY & BACON L.L.P.
JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston, TX   77002-2992
Telephone:  713.227.8008
Facsimile:  713.227.9508

WILLIAM MARTUCCI
Missouri State Bar I.D. No. 28237
E-mail:  wmartucci@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri  64108
Telephone:  816.474.6550
Facsimile:  816.421.5547

*Attorneys for Defendant Saybolt LP*

## CERTIFICATE OF SERVICE

I certify that on this 11th day of July, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system for filing which I understand will send a Notice of Electronic Filing to the following ECF registrants:

Andrew Frisch
MORGAN & MORGAN, P.A.

338787 v2

6824 Griffin Road
Davie, FL 33314

C. Adam Helmer
RIDDLE & BRANTLEY
2300 N. Herritage Street, Suite A
Kinston, NC 28501

**Attorneys for Plaintiffs**

　　　　　　　　　　　　　　　　　　　　/s/ *Ethel J. Johnson*

338787 v2