UNITED STATES DISTRICT COURT                    SOUTHERN DISTRICT OF TEXAS

Lyle Deroche, *et al.*,                    §
                                           §
             Plaintiffs,                   §
                                           §
*versus*                                   §            Civil Action H-11-433
                                           §
Saybolt LP,                                §
                                           §
             Defendant.                    §

## Opinion on Willfulness

1.   Lyle Deroche and his fellow plaintiffs worked as inspectors in the oil industry for
     Saybolt LP. Some inspectors were paid time and one-half their regular rate for overtime.
     Others earned fluctuating salaries and were paid 50% of their salary plus bonuses for
     overtime.

2.   The salary fluctuated, for instance, if the inspector worked offshore that week. Between
     2007 and 2011, three federal courts in New York and New Jersey held that workers
     who do not earn a fixed salary must be paid time and one-half for overtime.[1]

3.   Saybolt – a Texas company – did not change how it paid inspectors until after this court
     held that employees with a fluctuating salary must be paid 150% of their ordinary rate
     for overtime.[2]

4.   Deroche says that Saybolt willfully violated the Fair Labor Standards Act because it did
     not change after the decisions in New York and New Jersey. If its violation was willful,
     the plaintiffs may recover their wages for the last three years – as opposed to the last
     two years.[3]

---

[1] Brumley v. Camin Cargo Control, Inc., 2010 WL 1644066, at *6 (D.N.J. April
22, 2010); Adeva v. Intertek USA, Inc., 2010 WL 97991, at *2-3 (D.N.J. Jan. 11, 2010);
Ayers v. SGS Control Services, Inc., 2007 WL 646326, at *6-7 (S.D.N.Y. Feb. 27, 2007).

[2] Brantley v. Inspectorate America Corp., 821 F. Supp.2d 879 (S.D. Tex. 2011).

[3] 29 U.S.C. § 255(a) (2012).

5.     Although there is now a consensus that workers who earn fluctuating salaries must be paid time and one-half for overtime, the law had been unclear. The Department of Labor, for instance, had proposed regulations contrary to the cases in New York and New Jersey. When the act was adopted, it applied to narrowly defined jobs at large industrial firms. Now, it applies to nearly everything.

6.     In 2009 and 2010, Saybolt twice asked outside counsel for advice. Both lawyers said that the law was unsettled. Saybolt's consultations show that it approached a difficult issue thoughtfully.[4] Deroche says that Saybolt's lawyers warned it that it may be violating the law. A warning about the possibility of illegality is too tentative to show willfulness.[5] The possibility of an alternative answer to a legal question always exists.

7.     Deroche last says that Saybolt cannot rely on its lawyers' advice because it did not tell them that it (a) furloughed employees when they were not busy and (b) took money out of its employees' salaries when they did not have vacation or sick days to excuse an absence. It did not tell its lawyers because it had done neither of these things.

8.     Deroche has produced no evidence – none – that these plaintiffs were furloughed or had their salaries adjusted. Saybolt's payroll manager and its executive in charge of North America say that it did not furlough American workers. They also said the payroll office manually corrected for adjustments. Most important, Deroche's allegations are all abstract; he has not identified a single furloughed or adjusted plaintiff in this case.

9.     Saybolt did not willfully violate the Fair Labor Standards Act. (204)


Signed on August _15_, 2014, at Houston, Texas.


_____
Lynn N. Hughes
United States District Judge

---

[4] Halferty v. Pulse Drug Co., Inc., 826 F.2d 2, 3 (5th Cir. 1987).

[5] Perez, et al. v. Mountaire Farms, Inc., 610 F. Supp. 2d 499, 527 (D. Md. 2009).