United States District Court
Southern District of Texas
**ENTERED**
October 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH DACAR, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 4:11-CV-00433 |
| SAYBOLT LP, | § § | |
| Defendant. | § § § § § | |

## ORDER

Before the Court is Plaintiffs' Motion for Judgement (Doc. #253), and Defendant Saybolt LP's ("Saybolt") Brief Regarding Calculation of Regular Rate and Overtime Compensation (Doc. #254). Saybolt argues that Plaintiffs' proposed damages, unpaid overtime based on a forty hour workweek at time and one-half, is incorrect—urging that overtime should be calculated by dividing total compensation by hours actually worked, and then awarding half-time for anytime worked over forty. (Doc. #254). This position is in direct contradiction to arguments made by Saybolt in its response to Plaintiffs' Motion for Summary Judgment and decided by this Court in its Order Granting Summary Judgment (Doc. #240).

Specifically, Plaintiffs' Motion for Summary Judgement argued that when an employer does not meet the prerequisites of the Fluctuating Work Week ("FWW"), and there is no fixed number of hours the salary is intended to cover, the FLSA default of forty hours should be used. (Doc. #206 at 26). Defendant responded to this argument by stating, "[w]hile Saybolt does not take issue with this assertion in the general sense, Saybolt disagrees with Plaintiffs *to the extent* that they argue that any incentive and bonus premiums be included in the calculation of the

regular rate for purposes of calculating the applicable overtime rate" (Doc. #213 at 11). Saybolt goes on to assert that any unpaid overtime "should be calculated in the same manner that overtime is calculated for those Saybolt inspectors employed at locations where the FWW methodology was never employed," (Doc. #213 at 11) citing Defendant's Proposed Model for Calculating Damages at P. 2 (Doc. #193 Ex. 2). As Exhibit 2 makes clear, Saybolt inspectors employed at locations where the FWW methodology was not used were paid overtime based on a forty hour workweek at time and a half.

Accordingly, not only did Saybolt concede that damages should be based on the forty hour default, it actively argued for this damages calculation as it strengthened the other positions expressed by Saybolt in its Response (Doc. # 213). Now, as the other grounds have been overruled, Saybolt attempts to take the opposite position. Judicial estoppel directly prevents such an action. *United States v. McCaskey*, 9 F.3d 368, 378 (C.A.5 1993) (stating that the purpose of judicial estopell is to "prohibit[] parties from deliberately changing positions according to the exigencies of the moment"). As such, Saybolt is judicially estopped from making the argument they now attempt. *Republic of Ecuador v. Connor*, 708 F.3d 651, 654 (5th Cir.2013) ("Judicial estoppel applies ... if the following elements are present: (1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir.2011).[1] As such, it is inappropriate for the Court to address the merits of the previously conceded argument now.

---

[1] Though not specifically addressed in the Court's Order Granting Summary Judgement—because the Plaintiffs and the Defendant both agreed that overtime should be calculated based on a forty hour workweek—Saybolt's, and the Plaintiffs', position at summary judgment was implicitly accepted by the Court during its ruling that the Plaintiffs are "entitle[d] to time and one-half damages." Doc. #250 at 15.

In accordance with the Court's prior rulings, Defendant's concession regarding the methodology under which Plaintiffs' damages are to be calculated, and the existence of time and pay data for the weeks at issue, Plaintiffs' Motion for Entry of Judgment is GRANTED. Defendant Saybolt LP, is hereby ordered to pay the Plaintiffs the following:

An Aggregate amount of **$3,020,813.21** in unpaid overtime wages.

An aggregate amount of **$3,020,813.21** in liquidated damages.

This Court further permits Plaintiffs 30 days to file their Motion for Attorneys' Fees and Costs pursuant to 29 U.S.C. § 216(b).

It is so ORDERED.

OCT 0 7 2016
Date

The Honorable Alfred H. Bennett
United States District Judge